UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| KHALID GURHAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| v. | ) | 2:19-cv-00349-GZS |
| | ) | |
| CITY OF SACO, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, a pretrial detainee at the York County Jail,[1] alleges that he was charged with certain drug-related criminal offenses in state court as the result of Defendants' unlawful conduct. (Complaint, ECF No. 1.) The defendants are comprised of law enforcement officers and their employers.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted. (ECF No. 5.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

---

[1] In his complaint, Plaintiff asserted that his trial was scheduled for September 2019. Plaintiff has not filed a subsequent pleading to confirm that the trial occurred. Accordingly, in this review, I assume Plaintiff remains a pretrial detainee.

Following a review of Plaintiff's complaint, I recommend the Court dismiss Plaintiff's claims against Defendants City of Saco, City of Biddeford, and Cumberland County.[2] I also recommend the Court stay further proceedings against Defendants Ryan Hatch, Derek McDonald, Peter Mador, and Juliet Angis.

## FACTUAL BACKGROUND

Plaintiff alleges he is being held in custody awaiting trial on state court drug-related offenses. (Complaint at 8.) According to Plaintiff, the law enforcement defendants violated his constitutional rights in connection with the investigation of the circumstances that resulted in the institution of criminal charges against Plaintiff. Plaintiff has asserted no independent basis for liability against the municipal entities.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as

---

[2] Plaintiff named the Cumberland County Jail as a party to this action. Although the jail is not a proper party to this action, the Court can reasonably construe Plaintiff's allegations as attempting to assert a claim against Cumberland County. *See Collins v. Kennebec County Jail*, 2012 WL 4326191, at *3 (D. Me. May 31, 2012)

2

to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in

---

("The Kennebec County Jail is not a governmental entity or a proper party defendant to this lawsuit. It is a building.").

federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

Regardless of the merits of Plaintiff's claims against the individual defendants, Plaintiff has not asserted an actionable claim against Defendants City of Saco, City of Biddeford, and Cumberland County. A municipality cannot be vicariously liable for a constitutional deprivation simply because the deprivation was caused by a municipal employee. *Welch v. Ciampa,* 542 F.3d 927, 941 (1st Cir. 2008) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)). For a municipality to be liable for a constitutional deprivation, the record must include evidence that a municipal policy, custom, or practice caused the deprivation. *Id.* The applicable standard requires a plaintiff to "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997). Here, Plaintiff has not identified a municipal policy or custom that resulted in the alleged deprivation of his constitutional rights. Plaintiff, therefore, cannot prevail on a claim against the municipal defendants.

Plaintiff seeks to recover money damages for conduct that is the subject of ongoing state court criminal proceedings. As a general rule, *Younger v. Harris*, 401 U.S. 37 (1971), mandates abstention from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings. *See Sprint Communications, Inc. v. Jacobs*,

571 U.S. 69, 78 (2013) (noting that *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions"); *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401 U.S. at 46)). While the *Younger* doctrine has typically been applied when a plaintiff requests equitable relief, the doctrine has also been applied in actions for money damages. As the Court in *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) explained:

> We conclude that *Younger* principles may apply to claims for damages under § 1983. Damages suits that turn on a constitutional challenge to pending state proceedings implicate the reasons for *Younger* abstention as much as equitable or declarative relief actions because to determine whether the federal plaintiff is entitled to damages—and to determine whether the federal defendant is entitled to immunity—the district court must first decide whether a constitutional violation has occurred.
>
> [For the federal court to make such a determination] would frustrate the state's interest in administering its judicial system, cast a negative light on the state court's ability to enforce constitutional principles, and put the federal court in the position of prematurely or unnecessarily deciding a question of federal constitutional law. Therefore, a determination that the federal plaintiff's constitutional rights were violated would be just as intrusive as a declaratory judgment.

381 F.3d at 979-80.

The analysis of the Court in *Gilbertson* is sound. To permit Plaintiff to proceed on his constitutional challenge to the investigation related to, and his subsequent arrest on, pending state court charges would necessarily implicate the reasons for the *Younger* doctrine. Accordingly, abstention at this stage of the proceedings is appropriate. A stay of this action

5

pending conclusion of the state court criminal proceedings is thus warranted. *See Wallace v. Kato,* 549 U.S. 384, 394-95 (2007*); Gilbertson,* 381 F.3d at 980-984.

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss Plaintiff's claims against Defendants City of Saco, City of Biddeford, and Cumberland County. I also recommend the Court stay Plaintiff's claims against Defendants Ryan Hatch, Derek McDonald, Peter Mador, and Juliet Angis until conclusion of the state court criminal proceedings.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of October, 2019.

6