UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KHALID GURHAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:19-cv-00349-GZS |
| | ) | |
| CITY OF SACO, et al. | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT FOLLOWING REMOVAL OF STAY**

Plaintiff alleges he was charged with certain criminal offenses in state court as the result of the unlawful conduct of certain law enforcement officers. (Complaint, ECF No. 1.) After an initial review of the complaint, the Court dismissed certain defendants and stayed the case pending the outcome of the state court proceedings. (Order, ECF No. 16; Recommended Decision, ECF No. 14.) The Court lifted the stay when Plaintiff notified the Court that the state court criminal proceedings were concluded. (Status Report, ECF No. 17; Order, ECF No. 19.)

Plaintiff filed an application to proceed in forma pauperis (ECF No. 10), which application the Court granted. (ECF No. 11.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's filings, I recommend the Court dismiss the complaint unless Plaintiff amends his pleading to demonstrate that he has an actionable federal claim that would not necessarily imply the invalidity of his state court conviction.

**FACTUAL ALLEGATIONS**

Plaintiff alleged he was held in custody awaiting trial on state court drug-related offenses. According to Plaintiff, the law enforcement defendants violated his constitutional rights in connection with the investigation that led to the criminal charges. Petitioner asserts he pled no contest to the state court charges and was sentenced.[1]

**LEGAL STANDARD**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be

---

[1] Plaintiff asserts he "took a plea deal of probation." (Status Report, ECF No. 17.)

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

Relevant Supreme Court authority limits an individual's ability to pursue a federal civil rights claim following a related state court conviction:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Plaintiff appears to seek recovery for law enforcement conduct (e.g., questioning, searches) that resulted in a state court conviction. Given the nature of Plaintiff's claim, "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.

3

Plaintiff's claim, therefore, is barred by the Supreme Court's holding and reasoning in *Heck*.[2]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the complaint unless within the period for an objection, Plaintiff files an amended pleading that demonstrates he has an actionable federal claim that is not barred by *Heck*.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of February, 2022.

---

[2] To the extent Plaintiff attempted to assert a federal constitutional claim that would not necessarily imply the invalidity of his conviction, such as his general assertion that he was sexually harassed by a "CO," (Complaint at 4, 7), Plaintiff has failed to allege facts sufficient to state an actionable claim. *See S.E.C. v. Tambone,* 597 F.3d 436, 442 (1st Cir. 2010) ("If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture" the claim is open to dismissal).